United States District Court
Southern District of Texas

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

**ENTERED**
September 15, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )  Case No.  7:20-cr-1792-S3 |
| Archie Antwon Levias | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:

**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☒ Lack of stable residence
☒ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On September 13, 2021, the Court held a detention hearing to determine whether the Defendant Archie Antwon Levias charged by the grand jury in the third superseding indictment, No. 7:20-cr-1792, pending in the McAllen Division of the Southern District of Texas, with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) and 2; and brandishing and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & 2, should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). Assistant United States Attorney Tina Ansari appeared on behalf of the United States (the "Government"); CJA Attorney Lance Hamm appeared on behalf of Defendant.

Pretrial Services ("PTS") interviewed and prepared a report and a supplemental report. The Defendant is 33. He has lived in Houston for 18 years and lives with his common-law wife in an apartment rented in her name. He also lives part of the time with his mother-in-law. He said he could live with his mother-in-law or grandmother if released on bond.  Defendant was in a relationship with his common law wife for 10 years. He has a 7 year old child with another woman. Defendant had a job for the past 2 months working as an assistant at a car stereo business. He worked at two different companies over the past two years. He has a GED. Defendant has an undefined mental health problem for which he was taking prescription medicine for mood stabilization. Apparently, he was assigned to a psychiatrist as a condition of his probation on state charges in Harris County. He also had a drug abuse problem.

Defendant has been convicted on multiple felony and misdemeanor charges. In 2008, he was convicted on felony possession of a controlled substance and sentenced to 3 years on probation. His probation was revoked within months, and he was sentenced to 2 years in jail. In 2011, he was convicted on 2 counts of felony manufacture and delivery of a controlled substance and was sentenced to 6 months in jail. In 2020, he was convicted of felony assault of a family member, impeding breath/circulation and was sentenced to 4 years on probation. At the hearing, PTS reported that the family member he assaulted is his common law wife, and there is a no contact order preventing him from going near her. PTS also reported at the hearing that Defendant was arrested on a motion to revoke his probation, which is currently pending. He was released on bond. The pending motion alleges that he violated his bond conditions with drug use, failure to attend treatment, and failure to report on multiple occasions.
PTS recommended detention.

The Evidence Established Defendant Is A Danger To The Community

The Government presented evidence from the case agent, who is a Special Agent ("Agent") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The Court finds Agent's testimony to be credible. The Government established the following:

(1)    The investigation started in September 2020, when SA and the case agent received information from law enforcement in McAllen, Texas regarding an attempted home invasion in South Texas that involved several men from Houston, as follows:

(2)    On September 16, 2017, three men, who they later learned were Juan Ricardo Hernandez, Agustin Carbajal, and

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

Defendant, travelled in a car from Houston to McAllen. They met with three other men Eugene Brimzly, Brian Keith Jones, and someone named Buddy. The men met at a residence, which was the home of Hernandez's cousin. They discussed robbing a drug cartel stash house in Farr, Texas. They believed that they would be able to steal $3 million and drugs.

(3)    That same day, the six men conducted surveillance on the target house.

(4)    After conducting surveillance, the men purportedly agreed to participate in the home invasion. Two cars drove up to the house. Carbajal was driving one car, a white Ford Fusion. He stayed in the car. Jones and Brimzly got out of that car and approached the house. Buddy drove up in another car and he also approached the house. They pretended to be delivering food to get the residents to open the door. As they approached the door, one of them fell and accidentally shot his gun. The residents were able to shut the door. When they could not get into the house, the men ran back to their cars and took off. The residents called the police. Because they thought they were robbing a drug cartel stash house, the three men who went to the door were armed. In fact, the house was not a stash house.

(5)    The attempted robbery was recorded both from the home system and a street camera. The Ford Fusion was identified in the street cam video. Jones and Brimzly are seen on the video approaching the house. It was not clear whether Buddy was on the video as well. There is no video of Defendant or Carbajal at the attempted robbery. Hernandez was not at the attempted robbery, even though he was purportedly the mastermind of this planned home invasion.

(6)    After leaving the house, the men in the white Ford Fusion that Carbajal was driving met up with Hernandez. Carbajal, Hernandez, and Defendant then fled for Houston in another car. They were stopped by border patrol at a check point. No guns were found in their car when they were at the check point.

(7)    Jones and Brimzly were driving to Houston in the white Ford Fusion. DPS pulled them over and found firearms and a change of clothes. They were arrested.

(8)    Jones gave a statement. He said that Defendant was inside the Ford Fusion during the home invasion, sitting in the back seat. He said that Defendant was supposed to exit the car with him and participate in the home invasion. Jones said that Carbajal was the driver.

(9)    Brimzly also gave a statement. He said that Defendant was present and was supposed to participate in the home invasion. He was sitting in the back seat of the car when they pulled up to the house. He also said that Carbajal was the driver.

(10)  Cellphone tower data places Carbajal at the scene of the home invasion at the relevant time, thus corroborating Jones' and Brimzly's statements.

(11)  Defendant gave a statement after his arrest. He told investigators that he travelled to McAllen and met at Hernandez's cousin's house. He said there was a discussion of a home invasion. He went with the others to scout the residence. He said he would not participate and was not present at the home invasion.

(12)  Hernandez, Carbajal, Jones, and Defendant have been charged in this case. Brimzly is charged in a separate indictment. Buddy has not been arrested.

The Defendant did not introduce any evidence.

CONCLUSION

Based on the allegations in the indictment, the evidence presented at hearing, and the information in the Pretrial Services report, the Court concludes as follows:

(1)    Although Defendant claims he did not participate in the home invasion, because the grand jury indicted Defendant,

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

probable cause exists to believe that he committed the offenses with which he is charged, namely: interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) & 2; and aiding and abetting brandishing and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & 2. Although the grand jury found probable cause, the Court finds that the evidence presented of Defendant's involvement in this crime is thin, which is one factor to consider under the Bail Reform Act.

(2)    Pursuant to 18 U.S.C. § 3142(e)(3)(B), the charge under § 924(c) creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required. See United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987) (presumption against pretrial release arises based on indictment's allegations). However, there is no evidence that Defendant had a gun. Three of the other participants had guns, and the evidence of Defendant's involvement at the home invasion is thin. Thus, the Defendant rebutted the presumption.

(3)    In addition to the presumption, the Government established that Defendant is a danger to the community such that he should be detained pending trial. See 18 U.S.C. § 3142(f) ("[A] finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). The violent nature of the offenses with which Defendant is charged shows that he would be a clear danger to the community if released. He has a history of drug convictions, including manufacture and delivery of controlled substances. Drug crimes of this nature present a danger to the community. In addition, the most recent conviction in his criminal history is for assaulting his wife, by impeding her breathing. This is a violent crime. He was sentenced to 4 years on probation in February 2020, and since May 2021, a motion to revoke his probation is pending. The motion alleges multiple violations, including at least 5 failures to report to his probation officer, failure to participate in treatment, and drug use. Although the court has not yet ruled on the motion to revoke, it is some evidence of a pattern of non-compliance. Further, his probation on one of his drug convictions was revoked and he was sent to jail. This evidence shows that Defendant will not follow conditions of release.

(4)    In addition to the presumption, the Government established by a preponderance of the evidence that Defendant is a flight risk because the penalty range for the charge at issue is for jail time of more than 10 years. Further, Defendant purportedly fled the scene of the crime. PTS found that Defendant's living situation is unstable. He lived with his common law wife but because of the no contact order resulting from the assault, he can no longer live with her. Although he said that he could live with his mother-in-law, she corroborated his information but said he lives with her daughter. She did not indicate he either lived or could live with her. He also said he could live with his grandmother, but nothing has been presented to show his grandmother would agree. He has no assets. He does not have anyone who could serve as a surety or third-party custodian.

(5)    The Government has carried the burden of persuasion that Defendant is a danger to the community and a flight risk.

(6)    Thus, the Court finds that there are no conditions that will assure that Defendant will appear in court as required or the safety to the community such that the Court cannot safely release him on bond.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  _____09/14/2021_____         _____
                                              United States Magistrate Judge